## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DIMITRI OSBORN, an individual,<br><br>   Plaintiff,<br><br>   v.<br><br>WHITES & ASSOCIATES INC, a Florida Corporation; PRESTON WHITE, an individual or alias,<br><br>   Defendants. | **Case No.:**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND GEORGIA'S FAIR BUSINESS PRACTICES ACT** |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND GEORGIA'S FAIR BUSINESS PRACTICES ACT

COMES NOW, Dimitri Osborn, Plaintiff, and states the following complaint for violations of the Fair Debt Collection Practices Act and Georgia's Fair Business Practices Act against Whites & Associates, Inc. and Preston White:

## INTRODUCTION

1.

Plaintiff, Dimitri Osborn, ("Mr. Osborn"), through his counsel, brings this action to challenge the acts of Defendants Whites & Associates, Inc. ("Whites & Associates") and Preston White regarding their attempt to unlawfully, misleadingly, and abusively attempt to collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

1

2.

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

3.

Plaintiff believes that any and all violations by Defendants as alleged in this Complaint were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

4.

This action arises out of Defendants' illegal and improper efforts to collect a consumer debt, and includes multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.* ("FBPA"), and Plaintiff's claims under these statutes are so related that they form the same case or controversy.

5.

Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331 & 1337, as well as 28 U.S.C. § 1367 (Supplemental Jurisdiction).

6.

This Court has personal jurisdiction over the Defendants for the purposes of this action because Defendants transacts business in the State of Georgia and the committed acts that form the basis for this suit occurred within the State of Georgia.

7.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this District and targeted Plaintiff who is a resident of this District.

## PARTIES

8.

Plaintiff, Dimitri Osborn, is a natural person who is a resident of Gwinnett County.

9.

Defendant, Whites & Associates Inc, is a Florida corporation with its principal place of business located at 5500 MILITARY TRAIL SUITE # 22-221 JUPITER, FL  33458.

10.

The Summons and Complaint may be served on Whites & Associates by service on its registered agent in Florida:  SPIEGEL & UTRERA, P.A. 1840 SW 22

STREET 4TH FLOOR MIAMI, FL 33145. Alternatively, Defendant Whites & Associates Inc may be served through one of its officers, managers, shareholders, or other individual with sufficient managerial authority to accept service or process.

### 11.

Whites & Associates does business within the State of Georgia, particularly within Gwinnett County, Georgia.

### 12.

Upon information and belief, Preston White is a natural person who resides in the State of Florida or is alternatively the alias for a natural person used within the debt collection process.

### **STANDING**

### 13.

Plaintiff has suffered an injury in fact as a result of Defendants' violations of the FDCPA.

### 14.

The injury caused by Defendants' FDCPA violations has affected Plaintiff in a personal and individual way.

### 15.

Specifically, Defendants' violations of the FDCPA have violated Plaintiff's statutory rights.

16.

Defendants' violations of the FDCPA have also caused Plaintiff to be injured in a personal and individual way by causing Plaintiff unnecessary stress and anxiety, as well as causing Plaintiff to expend resources in the form of time and money, that would not have occurred but for Defendants' violations of the FDCPA.

17.

Plaintiff's injury caused by Defendants' violations of the FDCPA are concrete and actually exist.

18.

Defendants' violations of the FDCPA have resulted in an injury-in-fact that is particularized to Plaintiff because the FDCPA creates legal rights for Plaintiff that were invaded by Defendants' violations of the FDCPA.

19.

The FDCPA statutorily creates Plaintiff's right to true and accurate information as well as a private right of action to enforce this statutorily created right to be provided true and accurate information.

20.

The FDCPA's statutorily created rights go beyond the right to just information—these rights include consumer rights to truthful and correct information, instead of false and misleading information, as well as rights to be free

from intimidation, harassment, and unfair or unconscionable methods of attempting to collect debts.

21.

Plaintiff's rights created by the FDCPA also include the right to be provided adequate and truthful information allowing Plaintiff to better be able to evaluate any claims made against the Plaintiff by a debt collector, allowing Plaintiff to more efficiently and effectively determine the best course of action in attempting to resolve any disputes or claims, and reducing the burden of independent investigation into those claims.

22.

Plaintiff's injuries caused by Defendants' violations of the FDCPA are particular and concrete in that they are legally cognizable injuries through the FDCPA, they have invaded Plaintiff's legal rights, and they have resulted in stress and anxiety as well as lost resources.

**RESPONDEAT SUPERIOR**

23.

The acts and omissions of Defendants' employees who acted as agents for Defendants as described herein, were committed within the time and space limits of their agency relationship with their respective principals, Defendants.

24.

The acts and omissions of Defendant Whites & Associates, and its employees or agents, who acted as the agents for Defendant Whites & Associates as described herein, were committed within the time and space limits of their agency relationship with their respective principal, Defendant Whites & Associates.

25.

The acts and omissions by Defendants' employees who acted as agents for Defendants were incidental to, or of the same general nature as the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

26.

By committing these acts and omissions against Plaintiff, Defendants' employees and agents were motivated to benefit their respective principals, Defendants.

27.

Defendants are therefore liable to Plaintiff through the doctrine of respondeat superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by their respective employees or agents.

## FACTUAL ALLEGATIONS

28.

Mr. Osborn is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3), as he is a natural person who Defendants alleged was obligated to pay a consumer debt.

29.

Defendants have attempted to collect an alleged debt that is a "debt" within the meaning of the FDCPA, 15 U.S.C. § 1692a(5), as the subject of the transactions composing the alleged debt are for primarily personal, family, or household purposes.

30.

Specifically, Defendants have alleged that Plaintiff owes the alleged debt to a roofing company for roofing work to his personal residence ("Alleged Debt").

31.

Whites & Associates is in the business of debt collection.

32.

Whites & Associates uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts.

33.

The principal purpose of Whites & Associates' business is the collection of

debts, such as the Alleged Debt, or Whites & Associates regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

34.

Whites & Associates currently holds a "Consumer Collection Agency" license issued by the Florida Office of Financial Regulation.

35.

Preston White is an employee or the alias name of an employee of Defendant Whites & Associates who attempted to collect the Alleged Debt from Plaintiff.

36.

Upon information and belief, Preston White regularly collects or attempts to collect debts owed or due or asserted to be owed or do to others as part of his employment with Defendant Whites & Associates.

37.

On or about June 23, 2019, Mr. Osborn engaged a roofing company for repair of the roof on his personal residence.

38.

A dispute arose between Mr. Osborn and the roofing company regarding the agreed upon cost and payment for the roof services.

39.

The roofing company purportedly engaged Whites & Associates to collect the Alleged Debt from Mr. Osborn.

40.

Beginning on or around October 1, 2019 and continuing to or around November 4, 2019, Mr. Osborn received several communications from Preston White in an attempt to collect the Alleged Debt.

41.

Preston White is an employee of Whites & Associates, or the collection alias of an employee of Whites & Associates.

42.

The telephone number from which Preston White initiated telephone calls to Mr. Osborn was (954) 398-1947.

43.

The telephone number Preston White requested Mr. Osborn to call him back on was (954) 398-1947.

44.

Whites & Associates' website lists its telephone number as (954) 398-1947.

45.

Plaintiff retrieved and listened to several voicemail messages left on his

phone by Preston White on behalf of Whites & Associates.

46.

Preston White did not state in his initial communication with Mr. Osborn or any subsequent communication with Mr. Osborn that he is a debt collector, that the communication is an attempt to collect a debt, and that any information will be used for that purpose.

47.

Preston White did not mail any written correspondence to Mr. Osborn regarding the Alleged Debt.

48.

In an attempt to collect the Alleged Debt, Preston White implied or represented to Mr. Osborn that the filing of a civil or criminal actions against Mr. Osborn had either taken place or was to take place imminently if Mr. Osborn did not communicate with Preston White or pay the Alleged Debt.

49.

Preston White used language in his communications to Mr. Osborn to insinuate that he was about to take immediate action against Mr. Osborn if Mr. Osborn did not communicate with Preston White or pay the Alleged Debt.

50.

Preston White communicated to Mr. Osborn several deadlines before which

Mr. Osborn was to respond or comply with his requests otherwise Preston White would take some action against Mr. Osborn, including the institution of civil or criminal actions against him.

51.

Preston White did not intend to take any immediate action against Mr. Osborn after the Alleged Debt was not paid and Mr. Osborn did not comply with his demands.

52.

Through the present date, Defendants have taken no legal action, civil or criminal, against Mr. Osborn in connection with the Alleged Debt.

53.

Preston White also implied or represented in communications to Mr. Osborn that a criminal or civil action had been filed against Mr. Osborn.

54.

Preston White repeatedly referred to a "case number" with "Walton County" in his communications with Mr. Osborn to imply or represent that a civil or criminal case had been or was going to be filed against Mr. Osborn.

55.

Preston White implied or represented that legal action against Mr. Osborn would or had been taken Walton County, a county in which Mr. Osborn does not

reside and nor is Walton County in any way associated with the contract related to the Alleged Debt.

56.

Preston White left several voicemail messages on Mr. Obsorn's phone referring to a pending legal matter, when there was no legal matter pending.

57.

No case had been filed against Mr. Osborn in Walton County or any county in the State of Georgia.

58.

Preston White repeatedly used the words "case", "charges", "fraud", "theft", and "deception", in his attempts to intimidate Mr. Osborn to pay the Alleged Debt.

59.

Preston White implied or represented that Mr. Osborn was guilty of fraud or theft.

60.

Preston White additionally implied or represented to Mr. Osborn that Mr. Osborn made committed a "first degree felony."

61.

Preston White implied or represented to Mr. Osborn that he had the authority or control whether civil or criminal actions would continue or would be filed against

13

Mr. Osborn in connection with the Alleged Debt.

62.

Defendants had no authority to file any civil or criminal actions against Mr. Osborn in connection with the Alleged Debt.

63.

Preston White communicated to Mr. Osborn that the Alleged Debt was $28,200.00 when the actual amount in dispute between Mr. Osborn and the roofing company was less than $10,000.00.

64.

Preston White also communicated to Mr. Osborn that the amount of the Alleged Debt was $9,400.00 and $6,700.00.

65.

In several communications to Mr. Osborn, Preston White sought to collect "treble damages" or three times the amount of the Alleged Debt.

66.

No legal or contractual basis existed which gave Preston White, Whites & Associates, or the roofing company the right to seek "treble damages" from Mr. Osborn in connection with the Alleged Debt.

67.

During telephone communications with Mr. Osborn, emails with Mr. Osborn,

and voicemail messages left on Mr. Osborn's phone, Preston White implied that he possessed authority to settle the Alleged Debt on behalf of the roofing company, when he did not.

68.

Preston White proposed a settlement offer and an agreement to Mr. Osborn for which he had no authority from the roofing company to convey.

69.

Preston White stated to Mr. Osborn that it was Whites & Associates' standard practice to leave voicemails threatening criminal and/or civil action against individuals when collecting a debt.

*Defendant's Actions Caused Mr. Osborn Actual Damages*

70.

Defendants' threats, false statements, misrepresentations, deception, harassment, abuse, oppressive collection efforts, unfair and unconscionable means of attempting to collect the alleged Debt, all resulted in Mr. Osborn suffering stress, anxiety, and embarrassment—also known as garden-variety emotional distress.

71.

The garden-variety emotional distress caused by Defendants' actions in violation of the FDCPA are concrete and particularized in nature.

72.

Mr. Osborn's concrete and particularized actual damages in the form of garden-variety emotional distress shall be shown with more particularity at a later date.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

73.

Plaintiff incorporates by reference all of the factual allegations in this Complaint as though fully stated herein.

74.

Based on information and belief, Defendants have violated the Fair Debt Collection Practices Act ("FDCPA").

### *Count 1: Violations of FDCPA 15 U.S.C. § 1692d*
### *Harassment or Abuse*

75.

Defendants violated the FDCPA's prohibition against conduct intended to "harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

76.

Defendants' engaged in a campaign of threatening statements, harassment, and abuse during their attempts to collect the Alleged Debt from Mr. Osborn.

77.

Defendants threatened criminal prosecution, claimed Mr. Osborn engaged in fraud, claimed a lawsuit had already been filed against Mr. Osborn when none had been filed, and generally engaged in a campaign of threatening statements, harassment, and abuse during their attempts to collect the Alleged Debt from Mr. Osborn.

78.

The natural consequence of Defendants' actions, and indeed Defendant's intent behind their actions, was to harass, oppress, or abuse Mr. Osborn in connection with their attempt to collect the Alleged Debt.

79.

Defendants' constitute a general violation of 15 U.S.C. § 1692d's general prohibition against "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

80.

Defendant's actions also violate 15 U.S.C. § 1692d(2) prohibition against "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." 15 U.S.C. § 1692d(2).

81.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

82.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages as described herein and those to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

### Count 2: Violations of FDCPA 15 U.S.C. § 1692e
### False or Misleading Representations in Communications

83.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. FDCPA 15 U.S.C. § 1692e.  This subsection of the FDCPA contains a general prohibition and numeration prohibitions on false or misleading representations.

### 1692e's General Prohibitions

84.

Defendants communicated numerous false, misleading, or deceptive representations to Mr. Osborn during their attempts to collect the Alleged Debt.

85.

This includes false, misleading, or deceptive representations as to the amount of the Alleged Debt; false, misleading, or deceptive representations as to whether a lawsuit had already been filed against Mr. Osborn, including the location of said lawsuit; false, misleading, or deceptive representations about Defendants' authority to collect the Alleged Debt on behalf of their alleged client; false, misleading, or deceptive representations as to whether or not they could press criminal charges against Mr. Osborn; as well as other numerous false, misleading, or deceptive representations as detail above in the factual allegations of this Complaint.

86.

Defendants' actions constitute violations of 15 U.S.C. § 1692e's general prohibition against "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt. FDCPA, 15 U.S.C. § 1692e.

### e(2)(A) Amount of Debt

87.

Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by making a "false representation of—(A) the character, amount, or legal status of any debt."

88.

In various communications with Mr. Osborn regarding the Alleged Debt, Preston White stated that the Alleged Debt was $28,200.00, $9,400.00 and $6,700.00.

89.

Since all three amounts cannot simultaneously be correct, one or more of the amounts stated constitute false representations of the amount of the Alleged Debt.

90.

Defendants' misrepresentation regarding the amount of the Alleged Debt are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

### *e(2)(A) Legal Status of Debt*

91.

Defendants' actions violated the FDCPA, 15 U.S.C. § 1692e(2)(B) by making a "false representation of— (A) . . . legal status of any debt."

92.

In various communications with Mr. Osborn, Preston White implied and represented that criminal and/or civil legal action had been commenced or would soon be commenced against Mr. Osborn in connection with the Alleged Debt.

93.

Through the present date, Defendants have taken no legal action, civil or criminal, against Mr. Osborn in connection with the Alleged Debt.

94.

Defendants' misrepresentations regarding legal action in connection with the Alleged Debt constitutes misrepresentation as to the legal status of the debt and are in violation of the 15 U.S.C. § 1692e(2)(A).

### e(4) Threats of Imminent Civil and/or Criminal Charges if Alleged Debt is not Paid

95.

15 U.S.C. § 1692e(4) of the FDCPA specifically prohibits "[t]he representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action." 15 U.S.C. § 1692e(4).

96.

Defendants' implied and represented to Mr. Osborn that criminal action had been taken or would be taken in the event of nonpayment of the Alleged Debt.

97.

Defendants' threats of criminal prosecution were made to intimidate Mr.

Osborn into paying the Alleged Debt.

98.

Defendants' natural intended consequence of this implication or representation was that Mr. Osborn would fear facing arrest or imprisonment for the non-payment of the Alleged Debt and therefore would pay the Alleged Debt with no questions asked.

99.

Defendants' possessed no lawful or legal authority to institute criminal actions against Mr. Osborn in connection with the Alleged Debt.

100.

Defendants did not intend to commence criminal charges against Mr. Osborn in connection with the Alleged Debt.

101.

To date, no criminal charges have been brought against Mr. Osborn by the Defendants in connection with the Alleged Debt.

102.

Defendants' representations regarding criminal action against Mr. Osborn in connection with the Alleged Debt and are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection

with the collection of any debt, including specifically false representations that non-payment will result in arrest or imprisonment.  15 U.S.C. § 1692e(4).

### e(5) Actions Cannot Be or Are Not Intended to be Taken

103.

Further, Defendants' implications or misrepresentations regarding criminal prosecution also violate 15 USC § 1692e(5), which prohibits "the threat to take any action that cannot legally be taken or that is not intended to be taken."

104.

Defendants could not take any legal action against Mr. Osborn because they did not possess the authority or legal capacity to do, whether civilly or criminally.

105.

Defendants did not intend to take any civil or criminal action against Mr. Osborn because they did not have the authority or legal capacity to do so.

106.

Defendants did not intend to take any civil or criminal action against Mr. Osborn because they have not taken any civil or criminal action against Mr. Osborn, despite the threat of imminent deadlines.

107.

Defendants' implications or misrepresentations regarding legal action against Mr. Osborn in connection with the Alleged Debt and are in violation of the

FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

### e(7) Implication Consumer Committed Crime or Conduct to Disgrace Consumer

108.

Defendants' threat of criminal prosecution also violates 15 USC 1692e(7), which prohibits "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."

109.

Defendants' represented and/or implied to Mr. Osborn that he had committed a crime through in an effort to disgrace Mr. Osborn so that he would pay the Alleged Debt with no questions asked.

110.

Defendants used language including "pending legal matter", "case", "charges", "fraud", "theft", and "deception" and "first degree felony" to disgrace Mr. Osborn and suggest that he had committed a crime.

111.

Defendants implied or represented that Mr. Osborn was guilty of fraud or theft.

112.

Defendants' actions detailed above violate 15 U.S.C. 1692e(7)'s prohibition against "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer."

### *e(2)(1) False Representation or Deceptive Means to Collect Debt*

113.

Defendants' actions violated 15 U.S.C. § 1692e(10)'s prohibition against "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . ." 15 U.S.C. § 1692e(10).

114.

Specifically, Defendants threats of civil or criminal prosecution and suggestion that Mr. Osborn committed a crime constitute false representations or deceptive means to collect the Alleged Debt.

115.

Specifically, Defendants misrepresentation that they are entitled to collect "treble damages" constitute a false or deceptive means to collect the Alleged Debt.

116.

Defendants' representations alleging the existence of civil and criminal actions and an entitlement to treble damages in connection with the Alleged Debt are in violation of the FDCPA's prohibition against using false, deceptive, or

misleading representations or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

### *e(11) No "Mini-Miranda Warning"*

117.

The FDCPA requires that every debt collector place a notice on the initial communication to the debtor that the communication is an attempt to collect a debt, and that any information obtained will be used for that purpose. 15 U.S.C. § 1692e(11).

118.

If the initial communication with the consumer is oral, in that initial oral communication, the debt collector must give notice that it is attempting to collect a debt and that any information obtained will be used for that purpose. 15 U.S.C. § 1692e(11).

119.

This notice requirement is commonly referred to as the "mini-*Miranda* warning." Davis v. Hutchins, 321 F.3d 641, 643, 54 Fed. R. Serv. 3d 1101 (7th Cir. 2003); Sanchez v. Client Services, Inc., 520 F. Supp. 2d 1149 (N.D. Cal. 2007); In re Crippen, 346 B.R. 115, 65 Fed. R. Serv. 3d 1091 (Bankr. E.D. Pa. 2006).

120.

Defendants did not state in their initial communication with Mr. Osborn, nor

any subsequent communication with Mr. Osborn, that Defendants were debt collectors, that the communications were attempts to collect a debt, and that any information obtained will be used for that purpose.

121.

Defendants' omissions to disclose such are in violation of the FDCPA's prohibition against using false, deceptive, or misleading representations or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

### *Damages and Liability for 15 U.S.C. § 1692e Violations*

122.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

123.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages as described herein and those to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

### *Count 3: Violations of FDCPA 15 U.S.C. § 1692f*
### *Unfair and Unconscionable Practices*

124.

Plaintiff incorporates by reference all of the factual allegations in this

Complaint as though fully stated herein.

125.

Defendants' actions are in violation of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

126.

15 U.S.C. § 1692f provides a general prohibition of unfair or unconscionable collection practices, such as suing a consumer for a time barred debt, as well as the eight enumerated protections that proscribe specific types of debt collector misconduct, such as collecting interest or fees not permitted by law.

127.

Each instance of conduct described herein as being violative of FDCPA 15 U.S.C. § 1692d prohibition against harassment or abuse also constitute violations of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

128.

Each instance of conduct described herein as being violative of FDCPA 15 U.S.C. § 1692e prohibition against false or misleading communications also constitute violations of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

129.

Each instance of conduct described herein as being violative of FDCPA 15 U.S.C. § 1692g regarding validation notices also constitute violations of the FDCPA's prohibition against using unfair and unconscionable means to collect a debt. 15 U.S.C. § 1692f.

### Violations of 15 U.S.C. § 1692gf(1) Seeking to Collect an Amount Not Authorized by Law or Agreement

130.

Further, Defendants' actions violated 15 U.S.C. § 1692f(1) by seeking to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

131.

Defendants' differing and varying statements as to the amount of the Alleged Debt constitute an attempt to collect an amount greater than the actual amount of the Alleged Debt from Mr. Osborn.

132.

The inflated amounts of debt that Defendants' attempted to collect from Mr. Osborn were not expressly authorized by the agreement creating the debt or permitted by law and such conduct violates 15 U.S.C. § 1692f(1).

133.

Further, in various communications with Mr. Osborn regarding the Alleged Debt, Defendants claimed entitlement to seek "treble damages," for which no legal or contractual basis existed.

134.

Defendants attempt to collect treble damages from Mr. Osborn was an attempt to collect a debt that was not expressly authorized by the agreement creating the debt or permitted by law and as such violates 15 U.S.C. § 1692f(1).

135.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

136.

Defendants are liable to Plaintiff for statutory damages of up to the maximum of $1,000 for each Defendant, plus actual damages as described herein and those to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

### Count 4: Violations of FDCPA 15 U.S.C. § 1692g(a)
### Failure to Send Written Notices

137.

Plaintiff incorporates by reference all of the factual allegations in this

Complaint as though fully stated herein.

138.

Defendants initiated contact with Mr. Osborn in an attempt to collect the Alleged Debt on or around October 1, 2019.

139.

Defendant never sent Plaintiff a written communication including all of the notice language required by 15 U.S.C. § 1692(g), much less within five days of the initial communication with Defendant.

140.

Defendants' actions are in violation of the FDCPA's notice requirements to consumers in initial communications or within five days of initial communications. 15 U.S.C. § 1692g(a).

141.

Defendants' actions have caused Plaintiff anxiety and stress, emotional distress, and have resulted in actual and direct harm to Plaintiff in an amount to be shown with more particularity at a later date.

142.

Defendant is liable to Plaintiff for statutory damages of up to the maximum of $1,000, plus actual damages in an amount to be shown with more particularity at a later date, plus reasonable court costs and attorneys' fees in accordance with the

FDCPA, 15 U.S.C. § 1692k(a)(2)-(3).

## SECOND CAUSE OF ACTION
## VIOLATIONS OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

*Count 5: Damages for Violations of Georgia's Fair Business Practices Act*

143.

Based on the foregoing, Defendants have violated Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

144.

Defendants' actions constitute unfair or deceptive acts or practices in the conduct of consumer transactions in trade or commerce and therefore violate Georgia's Fair Business Practices Act ("FBPA"), O.C.G.A. § 10-1-390 *et seq.*

145.

Defendants' actions violate the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, as detailed above.

146.

Courts have recognized that violations of the Fair Debt Collection Practices Act ("FDCPA") are also violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq. *See 1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 458-60, 654 S.E.2d 428, 430-31 (2007).

147.

Defendants' actions in violation of the FDCPA, and therefore in violation of Georgia's FBPA, were intentional in nature and part of a business model designed to collect debts based on false, misleading, deceptive, unfair, unconscionable, abusive, harassing, and oppressive collection practices.

148.

Defendant does not maintain a place of business and does not keep assets within the State of Georgia, and therefore the requirements of O.C.G.A. § 10-1-399(b) do not apply to Plaintiff's claims against Defendant in this lawsuit.

149.

Plaintiff seeks actual damages from Defendant for the mental and emotional distress caused by Defendants' actions in violation of the FDCPA and Georgia's FBPA, as well as other actual damages that may be shown with more particularity at a later date. O.C.G.A. § 10-1-399(a).

150.

Plaintiff seeks damages of three times actual damages, against Defendant for its intentional and purposeful actions in attempting to collect the Alleged Debt in violation of Georgia's Fair Business Practices Act.  O.C.G.A. § 10-1-399(c).

151.

Plaintiff further seeks full recovery of reasonable attorney's fees and costs

for this action in accordance with O.C.G.A. § 10-1-399(d).

152.

Plaintiff has a statutorily created right to "exemplary damages," sometimes also called punitive damages, pursuant to O.C.G.A. § 10-1-399(a) for intentional violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 et seq.

153.

Plaintiff alleges that Defendants' continued actions are intentional in nature and requests that this Court award Plaintiff exemplary damages, also known as punitive damages, in an amount to be determined by the enlightened conscious of a jury.

**THIRD CAUSE OF ACTION**
**PUNITIVE DAMAGES**

*Count 6: Punitive Damages Under Georgia's Fair Business Practices Act*

154.

Upon information and belief, Plaintiff alleges that Defendant and its agents acted willfully and with malice, wantonness, oppression, or with that entire want of care which would raise the presumption of conscious indifference to the consequences of its actions, entitling Plaintiff to an award of punitive damages in an amount to be determined by the enlightened conscience of a jury.

34

**JURY DEMAND**

155.

Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff prays that this Court:

(1)  Find Defendant liable for violations of the Fair Debt Collection Practices Act for the reasons stated in the Complaint above;

(2)  Award Plaintiff the full $1,000 statutory damages for Defendants' FDCPA violations;

(3)  Award Plaintiff actual damages for Defendants' FDCPA violations in an amount to be shown with more particularity at a later date pursuant to 15 U.S.C. § 1692k(a);

(4)  Find the Defendant liable for actual damages in an amount to be shown with more particularity at a later date for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-390 *et seq.*;

(5)  Find Defendant liable for damages in the amount of three times actual damages for its violations of Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(c);

(6)  Find Defendant liable for punitive damages in an amount to be determined by the enlightened conscious of a jury pursuant to Georgia's Fair Business Practices Act, O.C.G.A. § 10-1-399(a) and O.C.G.A. § 51-12-5.1;

(7)  Award Plaintiff reasonable attorney's fees and costs in accordance with the FDCPA 15 U.S.C. § 1692k(a)(2)-(3);

(8)  Award Plaintiff reasonable attorney's fees and costs in accordance with the Georgia's FBPA, O.C.G.A. § 10-1-399(d), for Defendants' violations of Georgia's Fair Business Practices Act;

(9)     Award Plaintiff the reasonable costs of this action;

(10)    Award Plaintiff other expenses of litigation;

(11)    Grant Plaintiff such other and additional relief as the Court deems just
and equitable.


Submitted June 16, 2020.

/s/ Jillian Sandt
Jillian Sandt
Georgia Bar No.: 854396
*Attorney for Plaintiff*

SANDT LAW LLC
P.O. Box 188
Tucker, Georgia 30085
(770) 714-1404
jill@sandtlawllc.com


/s/ John William Nelson
John William Nelson
State Bar No. 920108
*Attorney for Plaintiff*

The Nelson Law Chambers LLC
2180 Satellite Blvd, Suite 400
Duluth, Georgia 30097
Ph.     404.348.4462
Fax.    404.549.6765

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, the undersigned counsel certifies that this document has been prepared using Times New Roman 14-point font.

Submitted June 16, 2020.

<u>/s/Jillian Sandt</u>
JILLIAN SANDT
Georgia Bar No.: 854396
*Attorney for Plaintiff*

SANDT LAW LLC
P.O. Box 188
Tucker, Georgia 30085
(770) 714-1404
jill@sandtlawllc.com