# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DIMITRI OSBORN,

    **Plaintiff,**

**v.**

WHITES & ASSOCIATES INC.;
PRESTON WHITE; TASHIMA
WHITE; and VIVIANNE WHITE,

    **Defendants.**

CIVIL ACTION FILE

NO. 1:20-cv-02528-TWT-AJB

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff Dimitri Osborn's amended motion for default judgment against Defendants Preston White, Tashima White, and Vivianne White ("the individual defendants"), filed pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, [Doc. 46], and Plaintiff's amended motion for summary judgment against Defendant Whites & Associates Inc. ("Whites & Associates"). [Doc. 51]. For the reasons stated herein, the undersigned **RECOMMENDS** that both motions be **GRANTED IN PART** and **DENIED IN PART**, and that the claims against Defendants Tashima White and Vivianne White be **DISMISSED**.

# I. BACKGROUND

## A. Procedural History

Plaintiff filed a complaint on June 16, 2020, alleging that Whites & Associates and Preston White had violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, et seq. [Doc. 1]. On July 9, 2020, Plaintiff filed an amended complaint additionally naming Vivianne White and Tashima White. [Doc. 7].

Through counsel, Preston White executed a waiver of service on July 23, 2020, [Doc. 25], and Tashima and Vivianne White executed waivers of service on August 5, 2020, [Docs. 23, 24]. Whites & Associates filed an answer to the amended complaint on August 12, 2020, through the same attorney, [Doc. 19],[1] but none of the individual defendants filed an answer or any other responsive pleadings, (*see* Dkt.).

On February 1, 2021, Plaintiff filed motions for Clerk's entry of default as to the individual defendants, [Docs. 36-38], which the Clerk granted the next day.

_____

[1]      The same lead attorney, Alan F. Hamisch, executed the waivers of service for the individual defendants and filed the answer on behalf of Whites & Associates. [*Compare* Doc. 19 *with* Docs. 23-25].

On February 16, 2021, Plaintiff filed a motion for default judgment against the individual defendants, [Doc. 40], which the Court denied without prejudice on the grounds that Plaintiff had inadequately pleaded a basis for personal jurisdiction as to the individual defendants, [Doc. 45 at 7-12]. On February 22, 2021, Plaintiff filed a motion for summary judgment against Whites & Associates, [Doc. 43], which the Court likewise denied without prejudice on personal jurisdiction grounds, and the Court ordered Plaintiff to show cause why the action should not be dismissed for lack of personal jurisdiction, [Doc. 47 at 8-10; Doc. 50].

On June 8, 2021, Plaintiff filed the amended motion for default, [Doc. 46], and amended motion for summary judgment, [Doc. 51], that are presently pending before the Court. Plaintiff also filed a response to the show cause order. [Doc. 52].

### B. Facts[2]

The alleged debt at issue in this case (hereinafter, "the Debt") arose from a dispute between Plaintiff and a roofing company he hired to perform work on his

---

[2] As it must when considering a motion for default judgment, the Court presumes that all well-pleaded allegations are true. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). However, the Court does not presume the truth of conclusions of law or facts that are not well-pleaded. *See id.* at 1278. As to the amended motion for summary judgment, the facts considered in this Report and Recommendation ("R&R") are limited to those deemed by Plaintiff to be relevant to the Court's adjudication of that motion in his statement of undisputed material facts, [Doc. 51-1]. *See Mendenhall v. Blackmun*,

personal residence. (Am. Compl. [Doc. 7] ¶¶ 32, 39, 40, 65; Statement of Material

Facts [Doc. 51-1 ¶¶ 14-15]).[3] When Plaintiff disputed the Debt, the roofing

company engaged Whites & Associates to collect it from Plaintiff. [Doc. 7 ¶¶ 41,

65; Doc. 51-1 ¶¶ 16-17].

---

456 Fed. Appx. 849, 852 (11th Cir. Feb. 6, 2012) (finding it within the district court's discretion to limit its review to the specific portions of the exhibits expressly cited by the parties in their pleadings). However, while the Court "need consider only the cited materials," it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The facts recited in this section are intended to establish the context of the case. Additional facts will also be recited in the discussion section below.

[3]     Because Defendant Whites & Associates did not respond to Plaintiff's amended statement of undisputed material facts, the Court therefore deems the facts in Plaintiff's statement to be true. *See* LR 56.1(B)(2)(a)(2), NDGa (indicating that the Court will deem movant's facts admitted where non-movant fails to respond); *Reese v. Herbert*, 527 F.3d 1253, 1268-70 (11th Cir. 2008) (upholding the "vital function" served by Local Rule 56.1B(2)(a)(2) and allowing "a district court to disregard or ignore evidence relied on by the respondent—but not cited in its response to the movant's statement of undisputed facts—that yields facts contrary to those listed in the movant's statement"); *Brandon v. Lockheed Martin Aeronautical Sys.*, 393 F. Supp. 2d 1341, 1347-48 (N.D. Ga. 2005) (deeming the movant's statement of undisputed material facts admitted where the pro se plaintiff failed to provide relevant citations to the record to support factual statements in response). The statements of fact may be deemed true only so far as they are supported by the evidentiary materials, however. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials."). Legal conclusions also will not be deemed admitted. *See* LR 56.1B(1), NDGa.

The principal purpose of Whites & Associates's business is the collection of debts owed or due to another. [Doc. 7 ¶¶ 35-36; Doc. 51-1 ¶ 5]. Tashima and Vivianne White own an equity interest in Whites & Associates; design, manage, and oversee the day-to-day process of debt collection that occurs at the company, including the Debt at issue in this case; and derive financial benefits from the activity. [Doc. 7 ¶¶ 75-78, 81-82]. Preston White is an employee or the alias name of an employee of Whites & Associates. [*Id*. ¶¶ 37, 43].

Beginning on or around October 1, 2019, and continuing through or around November 4, 2019, Plaintiff received several communications from Preston White in attempts to collect the Debt. [Doc. 7 ¶ 42; Doc. 51-1 ¶ 18, 29]. The calls came from a telephone number listed on Whites & Associates's website. [Doc. 7 ¶¶ 44-46]. In an attempt to collect the Debt, Preston White falsely implied or represented to Plaintiff that civil or criminal actions either had been filed against Plaintiff or that Preston White would have them filed imminently if Plaintiff did not communicate with him or pay the Debt, telling Plaintiff that it was Whites & Associates's standard practice to leave voicemails threatening criminal or civil actions when collecting a debt; repeatedly referring to a fictitious "case number" with "Walton County"; referring to a pending legal matter, when there was no legal matter pending; and using the terms "case," "charges," "fraud," "theft," "deception,"

"first degree felony," and "treble damages." [Doc. 7 ¶¶ 50-62, 67, 71; Doc. 51-1 ¶¶ 21, 25-26, 29-30, 32-33, 36-40, 45-47]. Preston White also communicated to Plaintiff that the Debt was $28,200.00, when the actual amount in dispute between Plaintiff and the roofing company was less than $10,000.00, and implied that he possessed the authority to settle the Debt when he did not. [Doc. 7 ¶¶ 65-66, 69, 70; Doc. 51-1 ¶ 41]. On other occasions, Preston White stated to Plaintiff that the Debt was $9,400.00 and $6,700.00. (Doc. 7 ¶ 66; Doc. 51-1 ¶ 41). Preston White sent Plaintiff emails with PDF letters attached offering settlement of the Debt, from an email address owned and controlled by Whites & Associates, that were addressed to Plaintiff's Georgia residence. [Doc. 51-1 ¶¶ 22-24, 30, 34-35]. Preston White did not state in his initial communication with Plaintiff or in any subsequent communication with Plaintiff that he was a debt collector, that the communication was an attempt to collect a debt, or that any information would be used for that purpose, [Doc. 7 ¶ 48; Doc. 51-1 ¶ 44, 48], nor did he mail Plaintiff any written correspondence regarding the Debt, [Doc. 7 ¶ 49].

Defendants have not taken any civil or criminal action against Plaintiff. [Doc. 7 ¶ 117; Doc. 51-1 ¶¶ 37-38]. As a result of Preston White's communications, Plaintiff experienced stress, anxiety, and embarrassment. [Doc. 7 ¶ 72; Doc. 51-1 ¶¶ 51-57].

6

## II.  **DISCUSSION**

### A.  **Personal Jurisdiction**

In order to enter a valid default judgment, a court must have subject-matter jurisdiction over the claims and have personal jurisdiction over the defendant. *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1215 & n.13 (11th Cir. 2009) (explaining that a default judgment is void if the court that granted the default judgment lacked jurisdiction over the subject matter or parties); *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) ("A defendant may defeat subsequent enforcement of a default judgment in another forum by demonstrating that the judgment issued from a court lacking personal jurisdiction even if the court entering the default determined that it had personal jurisdiction over the defendant."). Consequently, " '[w]hen entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.' " *Gilmore v. Acct. Mgmt., Inc.*, Civ. Action No. 1:08-CV-1388-JOF-LTW, 2009 WL 2848278, at *2 (N.D. Ga. Apr. 27, 2009) (Walker, M.J.) (quoting *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (alteration in *Gilmore*)), *adopted in relevant part at* 2009 WL 2848249 (N.D. Ga. Aug. 31, 2009); *accord Reaves v. RCS Cap. Partners, Inc.*, Civ. Action No. 1:19-CV-02017-CC-AJB,

7

2020 WL 7395558, at \*1 (N.D. Ga. Jan. 8, 2020) (Baverman, M.J.), *adopted at* 2020 WL 7395559 (N.D. Ga. Jan. 28, 2020) (Cooper, J.); *Brown v. Simm Assocs*., Civ. Action No. 1:18-cv-05878, 2019 WL 5387979, at \*1 (N.D. Ga. Sept. 17, 2019) (Brown, J.).

The same is true with regard to Plaintiff's amended motion for summary judgment: a court may not enter a valid judgment unless it has personal jurisdiction. *See Jean-Pierre v. Verizon Commc'ns, Inc.*, Civ. Action No. 1:14-CV-1545-ODE-LTW, 2015 WL 12660396, at \*5 n.1 (N.D. Ga. July 27, 2015) (Walker, M.J.) (recommending that because the court had already determined that it did not have personal jurisdiction over the defendant, the plaintiff's motion for partial summary judgment should be denied as moot), *adopted at* 2015 WL 12661955 (N.D. Ga. Aug. 28, 2015) ("Regardless of what merits Plaintiffs' claims may have, the Court cannot consider the substance of their claims until Plaintiffs establish the Court's personal jurisdiction over [the defendant]."); *Peterson v. Adams*, No. CV 113-116, 2013 WL 6092724, at \*3 (S.D. Ga. Nov. 19, 2013) ("Given that Plaintiff has failed to establish personal jurisdiction . . . , the Court will deny . . . Plaintiff's motion for summary judgment."); *Burger v. Hartley*, 896 F. Supp. 2d 1157, 1163 (S.D. Fla. 2012) (finding it necessary to determine whether the court had personal jurisdiction over

the defendant before it could address the substance of the plaintiff's motion for summary judgment).

As explained previously, the basis for subject-matter jurisdiction is expressly stated in the complaint, (Am. Compl. ¶¶ 4, 5), and the Court has subject-matter jurisdiction over Plaintiff's FDCPA claim through 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction over his GFBPA claims through 28 U.S.C. § 1367. Defendant Whites & Associates raised a defense of lack of personal jurisdiction, [Doc. 19 at 37], and the Court concluded in its orders denying Plaintiff's motion for default judgment against the individual defendants that Plaintiff had not sufficiently alleged facts giving rise to personal jurisdiction over those defendants, [Doc. 45 at 11-12]. Assessing whether the Court has personal jurisdiction requires a two-part analysis: determining (1) whether there is jurisdiction under the state long-arm statute and (2) whether the non-resident defendant has minimum contacts with the forum state sufficient to satisfy the Due Process Clause of the Fourteenth Amendment. *Cable/Home Commc'n. Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990).

### 1. Long-Arm Statute

"[T]he reach of a forum state's long arm statute is a question of state law." *Abramson v. Walt Disney Co.*, 132 Fed. Appx. 273, 275 (11th Cir. May 19, 2005)

(citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  The Official Code of Georgia provides that a Georgia court may exercise personal jurisdiction over a non-resident defendant who (1) transacts any business within the state, or (2) commits a tortious act or omission within the state.  O.C.G.A. § 9-10-91. Plaintiff stated in the amended complaint that Whites & Associates is a Florida corporation with its principal place of business in Florida, (Am. Compl. ¶ 9); that Whites & Associates Inc. holds a "Consumer Collection Agency" license issued by the Florida Office of Financial Registration, (*id*. ¶ 36); that Preston White made telephone calls to him from a telephone number with a Florida area code and asked him to return the calls to the same telephone number, (*id*. ¶¶ 44-46); that Tashima and Vivianne White own equity interests in Whites & Associates Inc., (*id.* ¶¶ 75-76); that "Defendant does not maintain a place of business and does not keep assets within the State of Georgia," (*id*. ¶ 157); and that all of the individual defendants reside in Florida, (*id*. ¶¶ 12-14).  He also pointed out in another motion filed in this lawsuit that Whites & Associates is not registered with the Georgia Secretary of State to do business within the state of Georgia.  [Doc. 43-2 ¶ 27].

However, Plaintiff adds additional support for a finding of personal jurisdiction in his amended motion for default judgment and statement of undisputed material facts in support of his amended motion for summary judgment.

10

Plaintiff asserts that he is a resident of Gwinnett County, Georgia, [Doc. 46-1 at 3; Doc. 51-1 ¶¶ 1, 13); that the Debt arose from a dispute with a Georgia roofing company he hired to work on his Georgia residence and that the roofing company hired Whites & Associates to collect the Debt, [Doc. 46-1 at 4; Doc. 51-1 ¶¶ 14-17]; that Plaintiff received the phone calls from Preston White on his Georgia cell phone number while he was in Georgia, [Doc. 46-1 at 4; Doc. 51-1 ¶¶ 18-20]; that Preston White repeatedly referenced a civil and criminal action against Plaintiff in Walton County, Georgia, [Doc. 46-1 at 4; Doc. 51-1 ¶¶ 21]; and that Preston White sent Plaintiff emails with PDF letters attached, from an email address owned and controlled by Whites & Associates, that were addressed to Plaintiff's Georgia residence, which Plaintiff opened and reviewed in Georgia. [Doc. 46-1 at 4-5; Doc. 51-1 ¶¶ 22-24, 30, 34-35]. Plaintiff also avers that Preston White works for Whites & Associates, and that Defendants Tashima and Vivianne White own Whites & Associates and "are engaged in the day-to-day" operations of the company. [Doc. 46-1 at 5]. He also contends that Tashima and Vivianne White had the authority to control Preston White's attempts to collect the alleged debt and had knowledge of his actions. [*Id.* at 5-6].

Here, Plaintiff asserts that Defendant Whites & Associates does not maintain a place of business or assets in Georgia, is not registered to do business in Georgia,

and that the individual Defendants reside in Florida. [Doc. 7 ¶¶ 12-14, 157]. Nonetheless, Whites & Associates and Defendant Preston White transacted business in Georgia because the roofing company Plaintiff hired, a Georgia company doing business with Georgia residents, hired Whites & Associates to collect the Debt from Plaintiff, and Preston White called and emailed Plaintiff in Georgia to collect the Debt as an employee of Whites & Associates. [Doc. 7 ¶¶ 37, 41-43, 65; Doc. 51-1 ¶¶ 16-18, 22-24, 29-30, 34-35]. Plaintiff also alleges that Defendants Whites & Associates and Preston White committed a tortious act in Georgia by calling Plaintiff and sending him collection letters via email while he was in Georgia in a manner which constitutes the basis of liability under the Fair Debt Collection Practices Act. *See Thorington v. Cash*, 494 F.2d 582, 587 (5th Cir. 1974)[4] (holding that nonresident who allegedly communicated fraudulent misrepresentations by mail and/or by telephone committed a "tortious act" in Georgia and therefore was subject to jurisdiction under Georgia's long-arm statute); *Gilmore*, 2009 WL 2848278 at *2 (collection calls and letters violating the FDCPA were sufficient to establish jurisdiction under Georgia's long-arm statute).

_____

[4]     In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the court adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

But as to Defendants Tashima and Vivianne White, in his amended motion for default judgment Plaintiff added no additional argument or evidence regarding personal jurisdiction. As the Court stated in its order denying Plaintiff's initial motion for default judgment, [Doc. 45], Plaintiff's statements that these Defendants own equity interests in Whites & Associates and control or oversee the day-to-day debt-collection work of the company are insufficient to establish that Tashima or Vivianne, who Plaintiff avers are Florida residents, transacted business in Georgia or committed a tortious act within the State. *See* O.C.G.A. § 9-10-91. Accordingly, Plaintiff has failed to establish personal jurisdiction under the Georgia long-arm statute as to Defendants Tashima and Vivianne White and has therefore failed to establish that he is entitled to a default judgment as to those defendants. The undersigned thus **RECOMMENDS** that this action be **DISMISSED** as to Defendants Tashima White and Vivianne White for lack of personal jurisdiction, and the amended motion for default judgment as to those Defendants be **DENIED AS MOOT.**

### 2.    *Due Process*

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz,*

13

471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  Due process requires that a defendant have certain minimum contacts with the forum.  *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).  "The nature and quality of these contacts, however, vary depending upon whether the type of personal jurisdiction being asserted is specific or general."  *Id.*  Minimum contacts exist for specific personal jurisdiction when the following three factors are established:

> First, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Second, the contacts must involve some act by which the defendant purposefully avails[5] itself of the privilege of conducting activities within the forum[], thus invoking the benefits and protections of its laws.  Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994) (quotation marks omitted).  Physical presence in the forum is not necessary to establish personal jurisdiction, so long as a commercial actor's efforts are "purposefully directed" towards a resident in the state.  *Burger King Corp.*, 471 U.S. at 476.  Personal jurisdiction is proper where a defendant's contacts with the state result

---

[5]  Purposeful availment occurs where the defendant deliberately engages in significant activities in the state or creates continuing obligations between himself and the residents of the forum.  *Burger King Corp.*, 471 U.S. at 475-76.

from actions that create a substantial connection to the state, and single or isolated acts may create a substantial connection with the forum. *Id.* at 475 & n.18. However, such isolated acts may be insufficient if their nature, quality, and circumstances create only an attenuated affiliation with the forum. *Id.* at 475 n.18.

If a defendant has minimum contacts with a forum, courts must also consider whether exercising jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 476. To make this determination, courts may in appropriate cases consider:

> the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.

*Burger King*, 471 U.S. at 476 (quotation marks omitted) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)).

The exercise of personal jurisdiction over Defendants Whites & Associates and Preston White comports with due process. Both defendants purposely conducted debt-collection business in Georgia and made multiple contacts within Georgia—the debt-collection calls to Plaintiff's Georgia phone and emailed letters addressed to his Georgia residence and viewed in Georgia—relate directly to Plaintiff's claims against them. Preston White acted as an employee and agent of

15

Whites & Associates to make those contacts, sending the emails from an address associated with the business, [Doc. 46-2 at 14, 17; Doc. 51-1 ¶ 30], referring to the business in his voicemail communications, [Doc. 46-2 ¶ 13; Doc. 51-1 ¶ 29], and including the business's name on the letters he sent Plaintiff via email, [Doc 46-2 at 15, 18; Doc. 51-1 ¶¶ 32, 34]. This purposeful availment of the privilege of conducting activities in Georgia should have given Defendants fair warning that they might be haled before a court in Georgia.

The interests of fair play and substantial justice also comport with the exercise of personal jurisdiction over Defendants. As this Court has previously stated, "[i]ndividuals should be able to file suit in the state where they receive illegal communications by out-of-state collection agencies because otherwise, collection agencies could invoke the protection of distance and send violative [letters and make violative calls] with relative impunity." *Gilmore*, 2009 WL 2848278 at *4 (quotation marks omitted).

> Furthermore, the states share an interest in preventing abuse by collectors. The purpose of the FDCPA articulated by the Senate Committee on Banking, Housing and Urban Affairs is that "collection abuse has grown from a state problem to a national problem . . . Federal legislation is necessary because State officials are unable to act against unscrupulous debt collectors who harass consumers from another state." 1977 U.S. Code Cong. & Ad. News 1695, 1697. Accordingly, if it becomes more difficult and costly for consumers to file suit, consumer protection within the states would be eroded.

16

*Id.* (alterations and brackets omitted).  These concerns are likewise implicated here.

For these reasons, the undersigned concludes that the exercise of personal jurisdiction over Defendants Whites & Associates and Preston White is warranted in this case.

## B. Applicable Standards

"When a defendant has failed to plead or defend, a district court may enter judgment by default."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)).  Because there is a strong policy in this circuit of determining cases on their merits, default judgments are viewed with disfavor.  *Id*. at 1244-45; *In re Worldwide Web Sys., Inc*., 328 F.3d 1291, 1295 (11th Cir. 2003).  Entry of default judgment is at the discretion of the district court. *Surtain*, 789 F.3d at 1244; *In re Worldwide Web Sys., Inc*., 328 F.3d at 1295.

Where, as here, the plaintiff's claims are not for a sum certain or a sum that can be made certain by computation, the party must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b).  A defendant's default admits the "well-pleaded allegations of fact" in a complaint.  *Surtain*, 789 F.3d at 1245.  The Clerk's entry of default does not, however, automatically warrant a default judgment on a plaintiff's claims.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Instead, when considering a motion for default judgment, a

17

court "must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Solvay Specialty Polymers USA, LLC v. Zhenguo (Leo) Liu*, 331 F.R.D. 187, 190 (N.D. Ga. 2019) (Ross, J.) (quotation marks omitted) (citing *Cotton*, 402 F.3d at 1278); *Hill* ex rel*. Credit Nation Cap. v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018)). Only then, if "the plaintiff has alleged sufficient facts to state a plausible claim for relief," is a default judgment warranted. *Surtain*, 789 F.3d at 1246; *see also United States v. Kahn*, 164 Fed. Appx. 855, 858 (11th Cir. Jan. 17, 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim."). While the defaulting defendant is deemed to admit to plaintiff's well-pleaded allegations of fact, he or she is not deemed to admit to facts that are not well-pleaded or to legal conclusions. *Cotton*, 402 F.3d at 1278 (citing *Nishimatsu Constr. Co.*, 515 F.2d at 1206). Thus, in concept, "a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245.

Summary judgment is proper when no genuine issue as to any material fact is present, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In effect, the summary judgment standard echoes the standard for a directed verdict: "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The moving party carries the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A dispute is "genuine" if a reasonable jury could find in favor of the non-moving party. *Anderson*, 477 U.S. at 248. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. Only when the moving party meets its burden does the burden then shift to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

However, the Court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed," and must consider the motion's merits. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "Even in an unopposed motion [for summary judgment], . . . the movant is not absolved of the burden of showing that it is entitled to a judgment as a matter of law," and the Court "must still review the movant's citations to the record to determine if there is, indeed, no genuine issue

of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009) (alterations, brackets, and quotations omitted). To that end, the Court must "consider the merits of the motion" and "review all of the evidentiary materials submitted in support of the motion," *One Piece of Real Prop. Located at 5800 SW 74th Ave.*, 363 F.3d at 1101-02, in order to "satisfy itself that the [movant's] burden has been satisfactorily discharged," *Reese*, 527 F.3d at 1268. *Accord Haven v. Bd. of Trs. of Three Rivers Reg'l Library Sys.*, 625 Fed. Appx. 929, 933 (11th Cir. Aug. 27, 2015) ("[A] party's failure to oppose a summary-judgment motion [does not] absolve the district court of its responsibility to consider the merits of the motion.").

The Court must view the evidence and factual inferences in the light most favorable to the nonmoving party. *See United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). And, to the extent that material facts are genuinely in dispute, the Court must resolve the disputes in the nonmovant's favor. *See Vaughan v. Cox*, 343 F.3d 1323, 1326 n.1 (11th Cir. 2003). However, "[t]he mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "If the record presents disputed issues of fact, the court

may not decide them; rather, it must deny the motion and proceed to trial." *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011).

Based on these standards, the undersigned examines whether Plaintiff provided a factual basis sufficient to show that he is entitled to entry of default judgment in his favor and against Defendant Preston White, and to entry of summary judgment in his favor and against Defendant Whites & Associates and, if so, to what damages he is entitled.

### C.    Amended Motions for Default and Summary Judgment

#### 1.    *Plaintiff's FDCPA Claims*

The FDCPA seeks to remedy abusive, deceptive, and unfair debt collection practices by debt collectors against consumers, and does not require proof of intentional violation. *See* 15 U.S.C. § 1692(a), (e); *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). To prevail on an FDCPA claim, a plaintiff must establish that:

> (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA.

*Buckley v. Bayrock Mortg. Corp.*, Civ. Action No. 1:09-cv-1387-TWT, 2010 WL 476673, at *6 (N.D. Ga. Feb. 5, 2010) (Thrash, J., *adopting* Vineyard,

M.J.) (alterations omitted) (quoting *Beadle v. Haughey*, No. Civ. 04-272-SM, 2005 WL 300060, at *3 (D.N.H. Feb. 9, 2005), and *Russey v. Rankin*, 911 F. Supp. 1449, 1453 (D.N.M. 1995)); *see also McCorriston v. L.W.T., Inc.*, 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008)).

### a.    Collection Activity Arising from a Consumer Debt

The first element of an FDCPA claim has two requirements:  first, there must be collection activity, and second, the activity must relate to a consumer debt. *Frazier v. Absolute Collection Serv., Inc*., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) (Thrash, J., *adopting* Baverman, M.J.).

"[C]ollection activity" is not expressly defined in the FDCPA.  *LeBlanc*, 601 F.3d at 1193 n. 15.  "While the statute contains no clear definition of what constitutes a 'debt collection activity,' courts, in attempting to effect the purpose of the FDCPA, are lenient with its application."  *Sanz v. Fernandez*, 633 F. Supp. 2d 1356, 1359 (S.D. Fla. 2009) (citing *Heintz v. Jenkins*, 514 U.S. 291, 293-96 (1995) (quoting Black's Law Dictionary 263 (6th ed. 1990), which states that "[t]o collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings")).  A debt is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction . . . [that is] primarily for personal, family, or household purposes."  15 U.S.C.

§ 1692a(5). In other words, the FDCPA is limited to "consumer debt." *Heintz v. Jenkins*, 514 U.S. 291, 293 (1995).

The complaint and amended statement of undisputed material facts establish that Defendant Preston White repeatedly called Plaintiff in attempt to collect a debt from him on behalf of a roofing company. [Doc. 7 ¶¶ 42, 44-46; Doc. 51-1 ¶¶ 14, 15, 18, 29]. Repairing the roof of Plaintiff's personal residence qualifies as a transaction for household purposes. *See* 15 U.S.C. § 1692a(5) (providing that a consumer debt includes debts arising from transactions for primarily household purposes). Thus, the undersigned concludes that Plaintiff has established that Defendant Preston White undertook debt-collection activities on behalf of Defendant Whites & Associates related to a "consumer debt" within the meaning of § 1692a(5). The undersigned therefore concludes that Plaintiff has established the collection-activity element of his FDCPA claims.

> b. *Debt Collector*

In addition to establishing collection activity, a plaintiff bringing an FDCPA claim must establish that the defendant qualifies as a debt collector. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts

or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The undersigned concludes that Plaintiff has established that Defendants Preston White and Whites & Associates are debt collectors. The complaint and amended statement of undisputed material facts indicate that Preston White, as an employee of Whites & Associates, used telephone communications in the performance of Whites & Associates's business, which involves regularly collecting or attempting to collect debts owed to others. [Doc. 7 ¶¶ 33-35, 37-38, 42-46, 69; Doc. 51-1 ¶¶ 5, 18, 29]. The complaint and amended statement of undisputed material facts also indicate that Whites & Associates holds a "Consumer Collection Agency" license in Florida. [Doc. 7 ¶ 36; Doc. 51-1 ¶ 6]. The undersigned concludes that these allegations establish that both Defendants Preston White and Whites & Associates are debt collectors within the context of the FDCPA.

### c. *Acts Prohibited under the FDCPA*

Next, a plaintiff bringing an FDCPA claim must establish that the defendant has engaged in a prohibited act or failed to perform a requirement imposed by the FDCPA. In his complaint, Plaintiff indicates that Defendants Preston White and Whites & Associates violated 15 U.S.C. §§ 1692d(2), 1692e(2)(A), 1692e(2)(B),

1692e(4), 1692e(5), 1692e(7), 1692e(10), 1692e(11), 1692f(1), and 1692g(a).
(Doc. 7 ¶¶ 83-151).  Each provision is discussed separately below.

1.     15 U.S.C. § 1692d

The FDCPA generally prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.  The FDCPA also specifically forbids debt collectors from "us[ing] obscene or profane language, the natural consequence of which is to abuse the hearer or reader."  *Id.* § 1692d(2). Claims raised under § 1692d are "viewed from the perspective of a consumer whose circumstances make[] him relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985).  Claims under § 1692d(2) include "offensive language which is at least akin to profanity or obscenity.  Such offense language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks" of similar offensiveness. *Id.* at 1178.

Here, Plaintiff has alleged that Defendants Whites & Associates and Preston White "engaged in a campaign of threatening statements, harassment, and abuse" in their attempts to collect the alleged debt from Plaintiff, including threats of criminal prosecution, accusations Plaintiff of fraud, and claims that a lawsuit had

been filed against Plaintiff. [Doc. 7 ¶ 86-89; Doc. 51-1 ¶¶ 21, 25-26, 29-30, 32-33, 36-40, 45-47]. The undersigned finds this alleged conduct insufficient to establish a claim for violation of § 1692d(2). *See Jeter*, 760 F.2d at 1178 (concluding that a threat to institute legal action against Plaintiff was not "remotely offensive" and did not contain "personal comments directed towards [Plaintiff]"). Plaintiff did not allege that Preston White used any offensive language towards him, and threats of legal action, while upsetting, do not constitute "profanity or obscenity." *See id.* Likewise, the Eleventh Circuit has interpreted § 1692d "not [to] contemplate the prohibition of deceptive conduct *per se*," including threats to recommend legal action. *See id.* at 1179. Therefore, the undersigned finds Plaintiff's allegations insufficient to establish a claim under § 1692d.

### 2.    15 U.S.C. § 1692e

A debt collector is liable under Section 1692e(2) of the FDCPA if it falsely represents the character, amount, or legal status of a debt, 15 U.S.C. § 1692e(2)(A), or any services rendered or compensation which may be lawfully received by the debt collector for the debt's collection, *id.* § 1692e(2)(B). Under § 1692e(4), a debt collector may not represent or imply that nonpayment of the alleged debt will result in one's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of one's property or wages, unless those actions would be lawful and the debt collector

actually intends to do so.  Additionally, under 15 U.S.C. § 1692e(5), a debt collector cannot threaten "to take any action that cannot legally be taken or that is not intended to be taken."  Courts have concluded that threats of arrest or criminal prosecution violate § 1692e(5).  *See Carey v. Hannah, Kendrix, Zachary & Associates, LLC*, Civ. Action No. 1:11-CV-01782-SCJ-AJB, 2012 WL 13133676, at *5 (N.D. Ga. Dec. 21, 2012) (Baverman, M.J.), *adopted at* 2013 WL 12382308 (N.D. Ga. Jan. 11, 2013) (Jones, J.) (concluding that threats of arrest if the alleged debt was not paid, where the debt collector did not intend to have plaintiff arrested, constituted a violation of § 1692e(5)); *see also Chiverton v. Fed. Fin. Grp., Inc.*, 399 F. Supp. 2d 96, 104 (D. Conn. 2005); *West v. Costen*, 558 F. Supp. 564, 579 (W.D. Va. 1983) (concluding that debt collection agent's notation of a "warrant pending" on form sent to debtor where the debtor was never arrested and neither agent nor any creditor ever intended to have debtor arrested constituted a violation of, *inter alia*, § 1692e(5)).  Similarly, the FDCPA prohibits a debt collector from falsely "represent[ing] or impl[ying] that the consumer committed any crime or other conduct in order to disgrace the consumer."  15 U.S.C. § 1692e(7).

Under § 1692e(10), a debt collector cannot use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  Courts have concluded that "[a] violation of § 1692e(5)

27

also constitutes a violation of § 1692e(10)."  *See Gradisher v. Check Enforcement Unit, Inc.*, 210 F. Supp. 2d 907, 919 (W.D. Mich. 2002) (citing cases); *cf. Gervais v. Riddle & Assocs., P.C.*, 479 F. Supp. 2d 270, 276-77 (D. Conn. 2007) ("Courts have long held that after finding a valid claim under a more specific subsection of § 1692d . . . further analysis under § 1692e(10) is 'somewhat duplicative.'").  And under § 1692e(11), a debt collector must disclose in his initial communication that he is attempting to collect a debt and that any information obtained will be used for that purpose, and must disclose in subsequent communications that the communication is from a debt collector.

In short, both Plaintiff's complaint and amended statement of undisputed material facts establish that Defendant Whites & Associates, through its employee, Defendant Preston White, left voicemail messages for Plaintiff implying that the Defendants had filed or would soon file a civil lawsuit or action against Plaintiff for nonpayment of the Debt, using language such as "pending legal matter," "case," "charges," fraud," "theft," "deception," "first-degree felony," and "treble damages," when it did not have any intention or authority to take such action and never took such action.  [Doc. 7 ¶¶ 50-62, 67, 71; Doc. 51-1 ¶¶ 21, 25-26, 29-30, 32-33, 36-40, 45-47].   Those pleadings also establish that Defendants made inconsistent statements to Plaintiff regarding the amount of the Debt—that it was both $6,700

28

and $9,400. [Doc. 7 ¶ 66; Doc. 51-1 ¶ 41]. The pleadings further establish that Defendants Whites & Associates and Preston White never communicated to Plaintiff that they were debt collectors or that any information obtained would be used for the purpose of collecting debt. [Doc. 7 ¶¶ 48-49; Doc. 51-1 ¶¶ 44, 48].

Based on these undisputed facts, the undersigned finds that Plaintiff has established that Defendants violated multiple provisions of the FDCPA. When Defendants threatened suit for treble damages and represented or implied that failure to pay the Debt would result in criminal prosecution, [Doc. 7 ¶¶ 50-62, 67; Doc. 51-1 ¶¶ 21, 36-40, 45-47], they threatened to take an action that could not legally be taken or that was not intended to be taken, in violation of § 1692e(5); and used false representation or deceptive means to collect or attempt to collect a debt, in violation of § 1692e(10). Moreover, when Defendants represented in some communications that the amount of the Debt was $6,700 and made conflicting statements in others that the amount was $9,400, [Doc. 7 ¶ 66; Doc. 51-1 ¶ 41], they made a false representation of the amount the Debt, in violation of § 1692e(2)(A), and made a false representation to attempt to collect a debt, in violation of § 1692e(10). Defendants also violated the disclosure requirements of § 1692e(11) when they failed in every communication to tell Plaintiff that they were debt collectors or that any information it obtained would be used for the

purpose of collecting the Debt, [Doc. 7 ¶ 48-49; Doc. 51-1 ¶ 44, 48]. Therefore, the undersigned finds Plaintiff's allegations sufficient to establish his claims under the subsections of § 1692e that he asserts were violated.

### 3. 15 U.S.C. § 1692f

Under 15 U.S.C. § 1692f(1), a debt collector may not use unfair or unconscionable means to collect or attempt to collect any amount, unless that amount is expressly authorized by the agreement creating the debt, or as permitted by law. Section 1692f is designed to catch conduct not otherwise covered by the FDCPA. *See Taylor v. Heath W. Williams, LLC*, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007) (Section 1692f "may provide a cause of action for conduct that is not specifically listed in that section or any other provision of the FDCPA."). Thus, a claim raised under § 1692f fails as a matter of law where the claim does not identify any misconduct beyond that which Plaintiff asserts violates other provisions of the FDCPA. *Austin v. Frederick J. Hanna & Assocs., P.C.*, Civ. Action File No. 1:14-CV-00561-SCJ-JFK, 2014 WL 4724885, at *9-10 (N.D. Ga. July 10, 2014), *adopted at* 2014 WL 7335467, (N.D. Ga. Dec. 23, 2014); *Taylor*, 510 F. Supp. 2d at 1217.

Although Defendants' threats to file suit for treble damages and representations that failure to pay the Debt would result in criminal prosecution

would seem to qualify as use of unfair means to attempt to collect a debt, as explained above, Plaintiff alleged that those actions constituted violations of various subsections of § 1692e. Thus, Plaintiff's § 1692f claim, based on the same alleged misconduct, fails as a matter of law. *See Austin*, 2014 WL 4724885 at *9-10.

4. 15 U.S.C. § 1692g(a)

The FDCPA requires that

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1)    the amount of the debt;

    (2)    the name of the creditor to whom the debt is owed;

    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Although the FDCPA does not define "initial communication," it does define "communication" broadly as "the conveying of information regarding a debt directly or indirectly to any person through any medium." *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014) (quoting 15 U.S.C. § 1692a(2)) (quotation marks omitted).

In his amended statement of undisputed material facts, Plaintiff alleges that Defendant Whites & Associates violated the disclosure requirements set out in § 1692g(a) by failing to communicate that he could dispute the alleged debt within thirty days.  [*See* Doc. 51-1 ¶ 50].  In his complaint, Plaintiff alleges summarily that Defendant Preston White never mailed him any written correspondence that contained the notice language required under § 1692g(a), [Doc. 7 ¶¶ 49, 148].  The undersigned finds these allegations sufficient to establish a claim for failure to provide the notice required under 15 U.S.C. § 1692g(a).

### 5.    Conclusion as to FDCPA Claims

The undersigned therefore **RECOMMENDS** that Plaintiff's amended motions for default judgment and summary judgment be **GRANTED** on the FDCPA claims he asserts under 15 U.S.C. §§ 1692e(2)(A), 1692e(2)(B), 1692e(4),

1692e(5), 1692e(7), 1692e(10), 1692e(11), and 1692g(a), and that Plaintiff's amended motions be **DENIED** as to his claims under §§ 1692d and 1692f(1).

> ### 2. *Plaintiff's GFBPA Claims*

Plaintiff alleges that Defendants' violations of the FDCPA also violate the FBPA. [Doc. 7 ¶¶ 152-55]. Georgia's FBPA is to be interpreted and construed consistently with the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45(a)(1). *Harris v. Liberty Cmnty. Mgmt., Inc.*, 702 F.3d 1298, 1303 (11th Cir. 2012) (citing O.C.G.A. § 10-1-391(b)); 15 U.S.C. § 45(a)(1) (declaring unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce"). The GFBPA therefore "applies to unfair practices in the collection of debts[,] and a violation of the FDCPA constitutes a violation of the [G]FBPA." *Harris*, 702 F.3d at 1303 (citing *1st Nationwide Collection Agency v. Werner*, 288 Ga. App. 457, 654 S.E.2d 428 (2007)).

In addition to proving the elements of an FDCPA claim, a plaintiff asserting a debt-collection claim under the GFBPA must also show that he met the GFBPA's ante litem demand requirement. *Alvear v. Sandy Springs Toyota, Inc.*, 332 Ga. App. 798, 803, 775 S.E.2d 172, 177 (2015). The GFBPA ante litem provision requires that a plaintiff seeking relief under the GFBPA provide a written

demand for relief to the prospective defendant at least thirty days before filing action. O.C.G.A. § 10-1-399(b). The ante litem notice requirement is waived, however, where the "prospective respondent does not maintain a place of business or does not keep assets within the state." O.C.G.A. § 10-1-399(b); *Steed v. Fed. Nat'l Mortg. Corp.*, 301 Ga. App. 801, 809-10, 689 S.E.2d 843, 851 (2009).

Plaintiff does not allege that he provided ante litem notice to Defendants Whites & Associates and Preston White. [*See generally* Doc. 7; Doc. 51-1; Doc. 51-2]. Rather, he contends in his amended motion for summary judgment that he is exempt from the ante litem notice requirement because Defendant Whites & Associates does not maintain a place of business in the state of Georgia and does not keep assets within the state of Georgia. [Doc. 52-2 at 18]. He does not cite any evidence in support of that contention. [*See generally id.*]. Thus, Plaintiff has not established that Defendant Whites & Associates does not keep assets or maintain a place of business in Georgia. As noted above,[6] even on an unopposed motion for summary judgment, the Court must review the evidentiary materials cited in support of the motion and ensure that they do in fact establish the absence of a genuine issue of material fact. *One Piece of Real Prop. Located at 5800 SW 74th*

_____

[6]      *See supra* n.2.

34

*Ave.*, 363 F.3 at 1101; *Marrow v. Henry Cnty.*, 491 F. Supp. 3d 1257, 1274 (N.D. Ga. 2020) (Boulee, J.), *appeal filed sub nom.*, *Marrow v. Rose, et. al*, No. 20-14053 (11th Cir. Nov. 6, 2020); *Kellogg v. Fannie's Inc.*, 467 F. Supp. 3d 1296, 1302 n.4 (N.D. Ga. 2020) (Cohen, J.). Therefore, Plaintiff has not established that he was exempted from providing ante litem notice of his GFBPA claim to Defendant Whites & Associates on the grounds that it does not keep assets within the state.

As to Defendant Preston White, however, any defense on the grounds of failure to file the ante litem notice was waived by Preston White's failure to file an answer to the complaint. *Conseco Fin. Servicing Corp. v. Hill*, 252 Ga. App. 774, 779-80, 556 S.E.2d 468, 474 (2001). Because Plaintiff has proved the elements of his FDCPA claims under 15 U.S.C. § 1692e as to Defendant Preston White, he has also established his GFBPA claim. *See Harris*, 702 F.3d at 1303.

The undersigned therefore **RECOMMENDS** that Plaintiff's amended motion for default judgment be **GRANTED** on the GFBPA claim he asserts against Defendant Preston White, and that Plaintiff's amended motion for summary judgment be **DENIED** on the GFBPA claim he asserts against Defendant Whites & Associates.

### 3. Damages

The Court turns now to Plaintiff's amended motions for default judgment and summary judgment of his claims for damages under the FDCPA and GFBPA. Specifically, he seeks statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2); actual and general damages for emotional distress in the amount of $27,500.00, pursuant to 15 U.S.C. § 1692k(a)(1) and O.C.G.A. § 10-1-399(c); treble damages for intentional conduct in the amount of $82,500.00, pursuant to O.C.G.A. § 10-1-399(c); and exemplary damages in an amount of "at least $100,000.00," pursuant to O.C.G.A. § 10-1-399(a). [Doc. 46 at 2-3; Doc. 51-2 at 20-25]. He notes he will file a petition for costs and attorneys' fees if a judgment is entered against Defendants. [Doc. 46 at 1; Doc. 51-2 at 20 n. 66].

Plaintiff argues that he is entitled to the maximum statutory award of $1,000.00 as to both Defendants because Defendant Preston White left nine voicemails that violated the FDCPA, [Doc. 46-1 at 16; Doc. 51-2 at 20]; because Defendants admitted to him during a call that it was Defendants' policy to leave voicemails threatening to file for treble damages when consumers did not answer its calls, [Doc. 46-1 at 16; Doc. 51-2 at 20-21]; and because an award of $1,000 would encourage future FDCPA compliance and would therefore further Congress's purpose in supplying a private right of action, [Doc. 46-1 at 16-18;

Doc. 51-2 at 21]. He contends that he is entitled to actual damages in the amount of $27,500.00 because Defendant's communications caused him to suffer from stress, anxiety, frustration, confusion, panic attacks, headaches, lost sleep, and difficulty concentrating, [Doc. 46-1 at 18-19; Doc. 51-2 at 22], and he believes that Defendant's actions were "five or more times worse" than the conduct of the defendant in another recent FDCPA case where a jury awarded $5,500.00 to the plaintiff for emotional pain, [Doc. 46-1 at 19-20 (citing *Brown v. SWC Grp. LP*, Case No. 1:17-cv-02277-LMM (N.D. Ga.), ECF Nos. 93, 115, 122); Doc. 51-2 at 22-23]. He avers that he is entitled to treble damages in the amount of $82,500.00 because "[t]he unlawful actions of the Defendant were both willful and intentional as described herein." [Doc. 46-1 at 20; Doc. 51-2 at 23-24]. Finally, he argues that he should be awarded at least $100,000.00 in punitive damages because Defendant's "unlawful actions . . . were willful and intentional and also violated established tort law," [Doc. 46-1 at 21; *see also* Doc. 51-2 at 24-25]; because Georgia courts have previously upheld jury awards of general and punitive damages for collection abuse, [Doc. 46-1 at 18 (citing *Delta Fin. Co. v. Ganakas*, 93 Ga. App. 297, 91 S.E.2d 383 (1956) and *Blazer Fin. Servs., Inc. of Ga. v. Stewart*, 141 Ga. App. 156, 233 S.E.2d 1 (1977))); Doc. 51-2 at 24-25]; and because a jury in this district recently awarded a plaintiff $105,000.00 in punitive damages

37

under the Fair Credit Reporting Act, [Doc. 46-1 at 21-22 (citing *Bumpus v. Nat'l Credit Sys. Inc.*, Case No. 1:16-cv-01209-TWT, ECF No. 85 (N.D. Ga. Apr. 12, 2018)); Doc. 51-2 at 25].

As to Plaintiff's amended motion for default judgment, the Court may hold a hearing if it needs to, *inter alia*, determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B); *see also S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005) (A hearing must be conducted before judgment is entered if it is "necessary in order to determine what the judgment should provide"). "While well-pleaded facts in the complaint are deemed admitted, plaintiff['s] allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 n.5 (S.D. Ala. 2007). Although there is no *per se* hearing requirement, a hearing should ordinarily be held except in "limited circumstances" such as when "all essential evidence is already of record." *Smyth*, 420 F.3d at 1232 n.13.

The undersigned is not persuaded that Plaintiff is entitled to summary judgment or default judgment on his claims for damages. Curiously, as to his claim for summary judgment, his argument begs the question of whether damages may be awarded at all, as the damages awarded in each of the cases he cites were

determined by a jury. Moreover, Plaintiff has not set forth facts by which the Court might find that he is entitled to the amounts requested as a matter of law. Instead, in order to make an award, it would be necessary for the Court to infer, based on the evidence of collection conduct and its effects on Plaintiff as set forth in Plaintiff's complaint, amended motions, and amended statement of undisputed material facts, that Plaintiff is entitled to $1,000.00 in statutory damages, $27,500.00 in actual damages, $82,500.00 in treble damages, and punitive damages of some amount in excess of $100,000.00. This would require the Court to make findings of fact unfavorable to Defendants, the non-moving parties, which of course it may not do on summary judgment. *See Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1315 (11th Cir. 2007) ("If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment."). Likewise, Plaintiff is not entitled to the amount of damages he requests solely by virtue of Defendant Preston White's default, *see Virgin Records Am., Inc.*, 510 F. Supp. 2d at 593 n.5, and the record lacks the "essential evidence" necessary to make a damages determination, *see Smyth*, 420 F.3d at 1232 n.13.

On the facts presently before the Court, [*see generally* Doc. 7; Doc. 51-1], a reasonable finder of fact certainly could determine that Defendant Whites &

Associates and Preston White's conduct warrants an award of less than $1,000.00 in statutory damages or less than $100,000.00 in punitive damages and that the emotional distress resulting from the Defendants' statutory violations caused less than $27,500 in actual damages and thus also warrants less than $82,500.00 in treble damages. The issue of damages must therefore be reserved for trial.

It is therefore **RECOMMENDED** that the District Judge **DENY** Plaintiff's amended motions for default judgment and summary judgment with respect to damages and instead reserve the damages issue for trial.

## III.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Judge **GRANT IN PART AND DENY IN PART** Plaintiff's amended motions for default judgment [Doc. 46] and for summary judgment [Doc. 51], and reserve the damages issue for trial. The undersigned also **RECOMMENDS** that the claims against Defendants Tashima White and Vivianne White be **DISMISSED** for lack of personal jurisdiction. If the District Judge agrees with these recommendations, the District Judge can either refer the matter back to the undersigned to conduct a damages trial on report and recommendation or terminate the reference to the undersigned and conduct the damages trial at the District Court level.

**IT IS SO RECOMMENDED AND ORDERED**, this 16th day of November, 2021.

_____

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE